"O"



UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JAIME MEJIA URENA,

    Petitioner,

vs.

TIMOTHY S. ROBINS, et al.,

    Respondents.

Case No. SACV 12-0663-TJH (RNB)

ORDER OF DISMISSAL

On April 30, 2012, petitioner filed a Petition for Writ of Habeas Corpus herein pursuant to 28 U.S.C. § 2241. The gravamen of petitioner's claims was that his federal constitutional right to due process was being violated as a result of his prolonged detention during removal proceedings. The Petition did not challenge the lawfulness of the removal order.

In response to the Petition, the Government filed a notice on May 30, 2012, advising that petitioner no longer was in immigration custody because he had been removed to Mexico on or about May 16, 2012. The Government's position was that petitioner's removal rendered the Petition moot in that there was no further relief that the Court could provide.

In light of the foregoing notice, the assigned Magistrate Judge issued a Minute Order on May 31, 2012 requiring petitioner's appointed counsel to either (a) file a

1

notice of voluntary dismissal, or (b) show cause in writing why this action should not be dismissed on the ground that petitioner's removal (as evidenced by exhibits attached to respondents' Notice of Removal from United States and Suggestion of Mootness) has rendered moot the indefinite/prolonged detention claims alleged in the Petition.

Petitioner's counsel filed a response to the May 31, 2012 Minute Order on June 8, 2012. Appointed counsel advised therein that, because she had not been able and was not able to contact petitioner, she did not have petitioner's consent to file a notice of voluntary dismissal. However, after conducing independent legal research on the issues of mootness, case or controversy, and collateral consequences, she was unable to show cause in writing why this action should not be dismissed as moot.

The Court concurs with the Government that, as a result of petitioner's release from custody and removal to Mexico, this action no longer satisfies the case or controversy requirement of Article III of the Constitution because there is no further relief that the Court can provide. See, e.g., Abdala v. I.N.S., 488 F.3d 1061, 1062 (9th Cir. 2007) (holding that because the petitioner's habeas claims challenging only the length of his pre-deportation detainment, his petition was rendered moot by his removal), cert. denied, 552 U.S. 1267 (2008); Picrin–Peron v. Rison, 930 F.2d 773, 776 (9th Cir. 1991) ("By his petition for habeas corpus, Picrin–Peron has requested only release from custody. Because he has been released, there is no further relief we can provide."); Martinez-Reyes v. Burns, 2011 WL 1375293, at *2 (C.D. Cal. Mar. 18, 2011) ("[S]ince petitioner's removal from the United States has released him from ICE custody, he has received the only relief this Court might provide him, and the pending Petition is moot."), Report and Recommendation Adopted by 2011 WL 1375163 (C.D. Cal. Apr. 11, 2011); Agner v. Gonzalez, 2007 WL 896174, at *1-*2 (E.D. Cal. Mar. 22, 2007) ("Petitioner's habeas corpus petition must be dismissed because the BICE's removal of Petitioner has rendered the habeas corpus petition moot.").

1     IT THEREFORE IS ORDERED that (1) the Petition is dismissed for mootness,
2 and (2) Judgment be entered accordingly.

4 DATED: June 18, 2012

                                             TERRY J. HATTER, JR.
                                             UNITED STATES DISTRICT JUDGE

8 Presented by:

10 Robert N. Block
United States Magistrate Judge